By the Court:
In the circuit court a motion by defendants in error to dismiss the petition in error because it was not filed in that court until after the expiration of six months from the rendition of the judgment of the court of common pleas to which error was prosecuted, was sustained, and this is the only error assigned by the petition in error in this court.
That the petition in error was not filed in the circuit court until more than six months had elapsed, is conceded, but it is urged as a ground for reversal that the case was tried in the common pleas, without the intervention of a jury, by a nonresident judge; that a motion for a new trial was heard and submitted to that judge within a few days after the rendition of the judgment, but by reason of the continued absence of the judge from the county of Darke, the motion was not passed upon until after the expiration of six months from the rendition of the judgment of the common pleas.
The allegation of the petition in error, even if it were supported by the record, is not sufficient to take the case out of the operation of section 6723, *398 Revised Statutes. As held in Young v. Shallenberger, 53 Ohio St., 291: “The statute has declared in explicit terms, that no proceeding to reverse a judgment shall he commenced unless within six months after the rendition of the judgment, and. the court is powerless to enlarge its terms, if it desired to do so.”

Judgment affirmed.